UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JAMES LATTIN<br><br>Petitioner,<br><br>v.<br><br>GENA JONES,<br><br>Respondent. | Case No. 2:23-cv-02916-JDP (HC)<br><br>**ORDER**<br><br>SCREENING THE PETITION, OFFERING LEAVE TO AMEND, AND GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF Nos. 1 & 6 |

Petitioner, a state prisoner, brings this action under section 2254 and alleges that state officials have failed to correctly calculate his release date. ECF No. 1 at 6-7. His petition, as articulated, fails to state a cognizable federal habeas claim. I will give him leave to amend. Additionally, I will grant petitioner's application to proceed *in forma pauperis*. ECF No. 6.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner brings several claims related to state officials' alleged failure to correctly calculate his release date. The petition does not, however, specify whether he is already past his

1

maximum sentence.  The Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  In his first claim, he claims that he is being imprisoned beyond his "most conservative estimate" of his release date.  ECF No. 1 at 6.  I cannot tell whether he is arguing that he is being held beyond his earliest possible release date or beyond the latest possible.  Generally, the word "conservative" would be invoked to indicate the "least" or earliest release from his sentence, but I am uncertain if that is what plaintiff intends here.  He may clarify in his amended petition.

Petitioner's other claims relate to the application of credits and the calculation of parole eligibility dates.  ECF No. 1 at 6-7.  The Supreme Court has stated that "the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see also In re Springfield*, NO. SACV 22-889-DDP (AGR), 2023 U.S. Dist. LEXIS 91303, *3 (C.D. Cal. May 24, 2023) ("Even if, as Petitioner alleges, his custody credits were misapplied and his parole eligibility date miscalculated contrary to California penal code, AB 965, and Proposition 57, the error(s) would not implicate his federal constitutional rights.").  Additionally, petitioner's claims that other inmates are being harmed are non-cognizable for want of standing; he may bring claims only on his own behalf.

I will give him leave to amend so that he may address these deficiencies.

It is hereby ORDERED that:

1. Petitioner may file an amended petition within thirty days of this order's entry.  If he fails to do so, I will recommend that this action be dismissed.
2. The Clerk of Court is directed to send petitioner a § 2254 habeas form with this order.
3. Petitioner's application to proceed in forma pauperis, ECF No. 6, is GRANTED.

IT IS SO ORDERED.

Dated:   May 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE