UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JAMES LATTIN,<br><br>Petitioner,<br><br>v.<br><br>GENA JONES,<br><br>Respondent. | Case No.  2:23-cv-02916-JDP (HC)<br><br>**ORDER TO SHOW CAUSE** |

On May 14, 2024, I screened petitioner's petition for a writ of habeas corpus and notified him that it failed to state a viable claim.  ECF No. 10.  I granted him thirty days to file an amended petition.  *Id.*  To date, petitioner has not done so.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines.  The court may dismiss a case based on petitioner's failure to prosecute or failure to comply with its orders or local rules.  *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Petitioner will be given an opportunity to explain why the court should not dismiss his

1

1. case for failure to file an amended petition.  Petitioner's failure to respond to this order will
2. constitute a failure to comply with a court order and will result in dismissal of this case.
3. Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order
4. why the court should not dismiss his case for failure to prosecute and for failure to comply with a
5. court order.  Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-
6. one days, an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated:    July 12, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2