UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JAMES LATTIN,<br><br>              Petitioner,<br><br>       v.<br><br>GENA JONES,<br><br>              Respondent. | No. 2:23-cv-02916-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION DUE TO PETITIONER'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(Doc. No. 12) |

Petitioner Stephen James Lattin is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 14, 2024, the court ordered petitioner to submit an amended petition within thirty (30) days of that order's entry.[1] (Doc. No. 10.) On July 12, 2024, the court ordered petitioner to show cause as to why this habeas action should not dismiss due to his failure to prosecute and for failure to comply with a court order by failing to file an amended petition. (Doc. No. 11.) The court provided petitioner with twenty-one (21) days to comply with that order. (*Id.* at 2.)

---

[1] The service copy of the May 14, 2024 order, which was mailed to petitioner at his address of record, but was returned to the court as "Undeliverable, Paroled." Petitioner was thus required to file a notice of his change of address with the court no later than July 29, 2024. To date, petitioner has not filed a notice of his change of address or otherwise communicate with the court.

1

1 Petitioner has not filed a response to that order, and the deadline in which to do so has now
2 passed.

3       Accordingly, on August 12, 2024, the assigned magistrate judge issued findings and
4 recommendations recommending that this action be dismissed, without prejudice, due to
5 petitioner's failure to prosecute this action and failure to comply with a court order.  (Doc. No.
6 12.)  The findings and recommendations were served upon petitioner and contained notice that
7 any objections thereto were to be filed within fourteen (14) days after service.  (*Id*. at 3.)  To date,
8 petitioner has not filed any objections and the time in which to do so has passed.

9       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
10 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
11 pending findings and recommendations are supported by the record and proper analysis.

12       Having concluded that the pending petition must be dismissed, the court also declines to
13 issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
14 right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
15 *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may
16 only issue a certificate of appealability when a petitioner makes a substantial showing of the
17 denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
18 relief on procedural grounds without reaching the underlying constitutional claims, the court
19 should issue a certificate of appealability "if jurists of reason would find it debatable whether the
20 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
21 find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*
22 *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists
23 would not find the court's determination that the pending petition must be dismissed to be
24 debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

25       Accordingly,
26       1.    The findings and recommendations issued on August 12, 2024 (Doc. No. 12) are
27           adopted in full;
28 /////

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed, without prejudice; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**September 20, 2024**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE